COMMONWEALTH *vs.* CHARLES STAHL.

An averment in an indictment that a person has kept and maintained a tenement used for illegal gaming does not charge an offence at common law, or one punishable under Gen. Sts. *c.* 85, § 7, or *c.* 87, § 6.

INDICTMENT charging that the defendant, at a place and dur-ing a time named, " did keep and maintain a certain tenement, then and there used for illegal gaming, . . . . . whereby, and by force of the statute in such case made and provided, the said

tenement then and there kept and maintained by the said Charles Stahl, and then and there used and resorted to as aforesaid, was then and there a common nuisance," &c. At the trial in the superior court, before *Ames*, J., the defendant objected that this averment set forth no offence, and that no evidence was admissible under it; but the judge ruled otherwise. The defendant was convicted, and alleged exceptions.

*C. I. Reed*, for the defendant, cited *Commonwealth* v. *Goding*, 3 Met. 130; *Commonwealth* v. *Stowell*, 9 Met. 572; *Commonwealth* v. *Pattee*, 12 Cush. 501.

*Foster*, A. G., for the Commonwealth.

BIGELOW, C. J. The indictment does not set out any offence. It does not charge the defendant as a keeper of a " common gaming-house," and for that reason cannot be maintained as a sufficient averment of such misdemeanor, either under Gen. Sts. *c*. 85, § 7, or at common law. Archb. Crim. Pl. (5th Amer. ed.) 637. *The King* v. *Rogier*, 2 D. & R. 431, and 1 B. & C. 272. *The King* v. *Taylor*, 3 B. & C. 502. Nor does it allege the offence intended to be prohibited by Gen. Sts. *c*. 87, § 6, which is the keeping or maintaining of a building, place or tenement " resorted to " for illegal gaming. The only averment is that the tenement named in the indictment was " used " during the time specified for illegal gaming. It is quite obvious that these are not synonymous or equivalent averments. They are not technical expressions, and have not acquired any peculiar or fixed meaning in the law. They are therefore to be interpreted " according to the common and approved usage of the language." Gen. Sts. *c*. 3, § 7, *cl*. 1. Thus construed, the meaning of the words " resorted to " in the statute is plain and obvious. The prohibition is against keeping or maintaining a house which persons are permitted to frequent for the purpose of engaging in unlawful sports or games. The mischief which the statute seeks to prevent is the existence of such places of resort, with the temptations which they hold out and the vices which they engender and encourage. The nuisance which it punishes is the harboring of disorderly, immoral and evil disposed persons, gathered together for unlawful purposes. But it does not prohibit the owner or keeper of a

house from engaging in an unlawful sport or game therein. He may thus use the premises which he owns or occupies without violating this provision of the statute. So long as he does not permit persons to resort thither for such purposes, he does not maintain a common nuisance. Therefore the allegations in the indictment that the defendant used the tenement described for illegal gaming did not import that he had committed the offence of maintaining a nuisance; and evidence that he suffered persons to resort there for such purpose did not support the averment.                      *Exceptions sustained.*